In the Matter of the CITY OF GLOVERSVILLE, Appellant, against CLARENCE FOLAND et al., Constituting the Town Board of the Town of Johnstown, Respondents.— This proceeding has been brought under article 78 of the Civil Practice Act to review and annul a resolution of respondent town board of Johnstown which established a fire protection district under certain provisions of the Town Law. It was instituted by a petition in the name of the City of Gloversville, but signed and verified by one Lenz as president of its board of water commissioners. The appeal is from an order of the Schenectady Special Term, which dismissed the petition "without prejudice, however, to  *  *  * another proceeding by  *  *  * competent authority." There was nothing before the Special Term showing that the City of Gloversville had authorized the proceeding through the agency of its governing body, its common council. The fire protection district in question includes land and fixtures which form a part of the said city's municipal water supply system which it owns but which is operated under exceedingly broad powers delegated by statute (L. 1899, ch. 275, § 205 et seq.) to a board of water commissioners, chosen by the qualified electors of the city, and it was evidenced that they had authorized the proceeding. Appellants concede that their power or right to maintain the proceeding must be found as one which is implied in the statutory grant of the powers bestowed upon them in the operation of the city's municipal system and the administration of its affairs; that such a power is not included among the many specifically described. The board is not a municipal corporation. Extensive as are its enumerated powers over the control and management of the city's said property, its character as an entity is as an agent of the city. Its exclusive control which has been given by statute is not exclusive of the city, but exclusive of any other officers of the city. (*Ehrgoft* v. *Mayor of City of New York*, 96 N. Y. 264, 272.) The authority or right to petition for the relief sought in the petition should clearly appear and not be based upon a power which can but be doubtfully implied from those given in a statutory enactment. Especially is this so in a case where, as here, the review sought could have been had by authority of indubitable competency. Order unanimously affirmed, without costs. Present —Foster, P. J., Heffernan, Brewster, Bergan and Coon, JJ.

HERBERT F. ROSEKRANS, Respondent, v. HARRY L. BECKER, Appellant.— Defendant has appealed from an order and judgment of the County Court of Albany County affirming the judgment of the City Court of Albany in favor of plaintiff and against defendant. The action was brought by plaintiff to recover real estate commissions in connection with the sale of real property owned by defendant. Only questions of fact are involved. Judgment and order of the County Court unanimously affirmed, with costs to the plaintiff. Present — Foster, P. J., Heffernan, Brewster, Bergan and Coon, JJ.